## William H. Johnson v. Hugh McKee.

*Assault and battery: Declaration: Damages.* A permanent bodily infirmity, caused or aggravated by an assault and battery, is properly provable under a declaration averring sickness and pain to have been caused by the assault, and needs no other or fuller averment. It can not be regarded as foreign to those averments.

*Evidence: Statements of present feelings and sufferings.* Statements of a suffering person concerning present feelings and sufferings, and not relations of past sufferings, are admissible in evidence. Such physical conditions as are not open to the sight or senses of others, cannot well be proved in any other way.— *Hyatt v. Adams, 16 Mich., 200,* referred to and followed.

*Evidence: Cross-examination: Discretion.* Where a physician, called by the plaintiff for the single purpose of describing his wound, which he had dressed, and who had been busy on the part of the defense, had been allowed, on cross-examination, to give full testimony concerning the physical and mental condition of plaintiff during his illness, was asked further, on cross-examination, the question: "What appeared to be the condition of his mind as to clearness and sprightliness during the time you attended him?" it was held its rejection was not an abuse of discretion.

*Evidence: Subsequent desire to settle: Malice: Matter ex post facto.* Proof of a subsequent desire to settle is not relevant upon the question of original liability, and does not disprove malice at the time of the assault.

*Assault: Damages: Injured feelings: Mental anxiety: Provocation: Aggravated damages.* A ruling that plaintiff could recover no damages for injured feelings or mental anxiety, if the assault was made on provocation, is not one which defendant could object to.

*Charge to the jury: Justification: Error that does not prejudice.* Where there was no evidence tending in any way to prove justification, it was improper to give any charge on the subject; but this was not an error against defendant.

*Contradictory witnesses: Charge to the jury.* When witnesses are contradictory, it is proper to caution the jury concerning the care to be used in considering the testimony.

*Heard July 11. Decided July 15.*

Error to Kalamazoo Circuit.

*May & Buck,* for plaintiff in error.

*Edwards & Sherwood,* for defendant in error.

CAMPBELL, J.

McKee sued Johnson for an assault and battery, and recovered judgment against him, which is brought up on writ of error. The numerous assignments of error were classified on the argument under a few heads, and may be considered as substantially confined to those.

The battery consisted in striking McKee with a chair, whereby certain injuries were inflicted on his face and head, and in consequence of which he was seriously, and, as is claimed, permanently affected.

Among other results, there was evidence that he suffered from a urinary difficulty, caused or aggravated by the blow. It is claimed this injury was not within the terms of the declaration, and could not be shown without express averment.

If the evidence showed any such resulting injury, it showed it to have been as closely connected with the blow as any of the other evil consequences. It was a sickness produced by it in the same way as the swelling and soreness in the head and eyes, and the other grievances about which no question was made on the trial. The declaration charges sickness and pain to have been among the sufferings caused by means of the assault, and we do not think the rules of pleading require any more specific description than was given. We need not inquire how far it was requisite to go in declaring for consequences not necessarily following such an injury, because these consequences are very clearly set forth. When the defendant was informed that damages were sought for sickness and disorder, and their attendant expenses, as well as for wounds and bruises, he was bound to expect evidence of any sickness the origin or aggravation of which could be traced to the act complained of.

A number of errors are alleged upon the reception of testimony showing the statements by plaintiff at various times concerning his pains and bodily sufferings. These are objected to as hearsay statements, and as declarations in his own favor.

So far as they were not narrations of past, as well as present, sufferings, it has been well settled that such statements of present feelings are facts which furnish the best, and often the only evidence of such physical conditions as are not open to discovery by the sight or other senses of witnesses.—*Hyatt v. Adams, 16 Mich., 200.* We have been unable to find in the record any question allowed by the court, asking for any other statements. There is one answer by a witness which might possibly be regarded as referring to past illness and sufferings, but the question to which exception was taken did not call for it, and no motion was made to strike out the reply. The court committed no error, therefore, whether the answer was or was not open to the construction complained of.

The physician who dressed the wound having been called by plaintiff to describe it, was cross-examined, not only as to what then took place, but also as to his subsequent attendance and treatment, and as to the plaintiff's general condition. He was allowed to testify that plaintiff was at no time unconscious or delirious. He was then asked further: "What appeared to be the condition of his mind as to clearness and sprightliness during the time you attended upon him?" This being objected to, was ruled out as not proper cross-examination.

If this had been material upon any thing in issue in the cause, we doubt whether it could have been properly rejected as not legitimate cross-examination. But as the witness had already been allowed to state all that could possibly have been essential as to the mental condition of the patient, we cannot see that the rejection of this was material. The same witness also stated there was nothing in the injury to prevent plaintiff from getting up the next

27 MICH.—60.

morning, and every day.    There was nothing in the case
which, so far as we can discover, could have made an
answer to the question material for defendant, and we need
not determine whether the special ground of rejection was
tenable.    The same witness was called by defendant to
establish his own defense, and was then examined as fully
as he chose on the whole case, and stated that he had acted
as defendant's agent in trying to get a settlement.    The
plaintiff might naturally object to examining him at large,
although, as the physician who first saw the wound, he was
compelled to call him to show its original appearance and
condition.    As the case stood, it was a question of discre-
tion whether to receive or reject it.

Complaint is made that the court improperly excluded
the testimony sought to be given by defendant himself,
that he had endeavored to have an interview with plaintiff
in regard to the affair, and that he voluntarily paid Dr.
Fisk for his attendance.    The object for which this testi-
mony was offered was to disprove malice, and to mitigate
damages.

This testimony could have no effect in disproving the
intent and circumstances of the original attack.    Upon
that subject the proof of defendant, as well as of all the
other witnesses, had been fully given, and he was allowed
to state all that he had done and felt at the time.    Matter
*ex post facto* could not change the quality of that act.
And no recovery was had or asked for any of Dr. Fisk's
charges for medical services.    This was expressly disclaimed,
and the testimony was excluded because it could not, on
any other basis, have any importance.    It could not bear
upon the original transaction, and was of no importance for
any thing else.

Objection is also made that the court erred in not
allowing proper force to provocation and to matter in justi-
fication.

In regard to provocation, the court charged, in effect,
that if plaintiff provoked defendant, and the assault was

the result of that provocation, he could recover nothing beyond his actual damages and outlays, and would be precluded from claiming any damages for injured feelings or mental anxiety. In other words, he would be cut off from all the aggravated damages allowed in cases of willful injury, and sometimes loosely called exemplary damages. As there is no case in which a party who is damaged, and is allowed to recover any thing substantial, cannot recover his actual damages, the rule laid down by the court was certainly quite liberal enough, and if any one could complain, it was not the defendant.

The whole discussion in regard to matter in justification should have been thrown out of the case. There was no testimony which could possibly tend to make out a justification. There was no fear or danger pretended, and the force used was not either in defense of person or property, or in an attempt to eject plaintiff from defendant's premises. There was no room for any charge on the subject.

The remarks of the court upon the caution to be used where witnesses disagree were entirely proper. As they referred to the fact that both plaintiff and defendant, as well as other witnesses, had testified concerning the same transaction, it can hardly be claimed that the statement that disagreements existed would be more damaging to one than to the other; and the record shows considerable discrepancies.

There is no error in the record, and the judgment should be affirmed, with costs.

The other Justices concurred.