RENDERS v. GRAND TRUNK RAILROAD CO.

1. RAILROADS — COLLISION WITH STREET CAR — INJURIES TO PAS-
SENGER ON STREET CAR—NEGLIGENCE.

> A railroad company's gate keeper shut the east gate at a cross-
> ing behind a west-bound street car as it was crossing in front
> of an approaching passenger train, and attempted to shut the
> west gate, but a car going east ran under this gate, which
> prevented it being lowered. The keeper saw the train ap-
> proaching with the headlight burning, and then raised the
> east gate to enable the east-bound car to get through, but it
> was unable to do so, and a collision occurred, injuring plain-
> tiff, who was a passenger on the street car. The car going
> west had passed in safety, and the gates would have been
> down, but for the car coming under the west gate making it
> impossible to close it. *Held*, that defendant railroad com-
> pany was not negligent in raising the east gate to enable the
> east-bound car to get through, as it was the only avenue of
> escape.

2. NEGLIGENCE—PRESUMPTION.

> Negligence cannot be presumed, but must be proved.

3. SAME—FACT OF ACCIDENT—RES IPSA LOQUITUR.

> The mere fact of an accident is insufficient to impose a liabil-
> ity for negligence.

4. CARRIERS — STREET RAILROADS — INJURIES TO PASSENGERS —
NEGLIGENCE—QUESTION FOR JURY.

> Where the operatives of a street car, without stopping the car
> and going ahead to ascertain by looking and listening to
> learn whether the way was clear, as the law requires, ran
> the same onto a railroad crossing in front of an approaching
> train, which was in plain view, with a headlight burning,
> and a collision and injury to a passenger on the street car re-
> sulted, the question whether the street car company was
> guilty of negligence is for the jury.

5. TRIAL—OBJECTIONS TO EVIDENCE.

> A general objection to the introduction of mortality tables on
> the ground that they are incompetent, without specifying any
> other ground, is insufficient.

6. DAMAGES—PERSONAL INJURIES—ELEMENTS—FAINTING SPELLS—
ISSUES.

> Where the declaration in an action for personal injuries sets

forth in the usual form the injuries plaintiff received and the results arising therefrom, and a physician testifies that fainting spells followed as a consequence of such injury, plaintiff is properly allowed to prove that she is troubled with fainting spells as an element of damage, though the declaration contains no specific allegation thereof.

Error to Wayne; Mandell, J. Submitted October 18, 1905. (Docket No. 77.) Decided July 3, 1906.

Case by Odelia Renders, by next friend, against the Grand Trunk Railroad Company of Canada, the Detroit, Grand Haven & Milwaukee Railroad Company, and the Detroit United Railway for personal injuries. There was judgment for plaintiff against defendants Grand Trunk Railroad Company and Detroit United Railway, and they bring error. Reversed as to the Grand Trunk Railroad Company and affirmed as to the Detroit United Railway.

*Harrison Geer*, for appellant Grand Trunk Railroad Co.

*Brennan, Donnelly & Van De Mark*, for appellant Detroit United Railway.

*George B. Greening*, for appellee.

McALVAY, J. Plaintiff recovered a judgment for damages against defendants Grand Trunk Railroad Company and Detroit United Railway in the Wayne circuit court for personal injuries received January 15, 1904. The Detroit, Grand Haven & Milwaukee Railroad Company was also a defendant to the suit. After hearing plaintiff's proofs, the trial judge directed, a verdict in its favor. Plaintiff was about 20 years old at the time of the accident, and was employed in a cap factory in Detroit, going to and from her work on the cars of defendant street railway. This company operates its cars on Gratiot avenue, a public highway in said city, running east and west, and crossing Dequindre street, which runs north and south.

Upon and along Dequindre street are the tracks of de-
fendant railroad company upon which it operates its
trains.   At this crossing, on this day, at about 6 o'clock in
the evening, defendant railroad's passenger train going
south collided with defendant railway's street car going
east, in which plaintiff was riding, by reason of which
collision she was injured.   At this crossing the Grand
Trunk Railroad Company maintains gates.   The passen-
ger train was due and on time.   A street car going west
had crossed the railroad track.   The gateman shut the
east gate down behind it, and when it passed the west
gate he started to close that; but the car which was going
east ran under it, so that he could not get the gate down
lower than the trolley, and left it there.   He saw the
passenger train coming, the headlight burning.   He
raised the east gate, as he says, "to give them a chance
to get through."   When the street car was struck both
gates were up.

We are asked by defendants to reverse the judgment
for several reasons:

1. No negligence upon the part of either defendant hav-
ing been shown, a verdict should have been directed in
their favor.   It is argued that, in order to hold defendants
liable, negligence must be presumed.   The gate keeper,
agent of defendant railroad company, testified when and
how he operated the gates on that occasion.   The car
going west was crossing the track, and he shut the east
gate behind it.   He then attempted to shut the west gate,
but the car going east ran under this gate and it could
not be lowered.   He saw the train coming with the head-
light burning.   He raised the east gate to give them a
chance to get through.   This passenger train was due
and on time.   As to defendant railroad company, we
cannot say that there was evidence of negligence in the
manner of the manipulating the gates by its agent.   The
car going west had passed in safety, and the gates would
have been down but for the street car coming under the
west gate and making it impossible to close it.   To raise

the east gate to give them a chance to get through after
he saw the car proceeding to cross cannot be held to be
negligent.   It was the only avenue of escape.   No negli-
gence is shown in the operation of the passenger train.
The court left the question of the negligence of defendant
railroad company to be presumed.   It was error to do so.
Upon this record the court should have directed a verdict,
for the reasons stated, in favor of defendant Grand Trunk
Railroad Company.   It is the settled rule in this State
that negligence cannot be presumed, that the mere fact
of an accident is not sufficient to impose a liability for
negligence.   *Toomey* v. *Steel Works,* 89 Mich. 252, and
cases cited—cited and approved in *Robinson* v. *Charles
Wright & Co.,* 94 Mich. 286; *Perry* v. *Railroad Co.,*
108 Mich. 135.

It is argued that there was also no proof of the negligence
of defendant street railway.   The law for the protection
of the public imposes a duty upon the operators of a street
car, in crossing a railroad track, to stop the car and go
ahead to ascertain by looking and listening if the way is
clear.   In this case there is the undisputed fact that there
was a train approaching in plain view with a headlight
burning.   Under such circumstances, with this undisputed
physical fact established, the question of this defendant's
negligence was one of fact for the jury to determine.   It
was not error for the court to submit this question to the
jury, and to refuse to direct a verdict for defendant street
railway.

2. Defendants claim that the court erroneously allowed
the introduction of the mortality tables in evidence.   The
objection made to their introduction, without specifying
any ground upon which it was made, was that they were
incompetent.   These tables were not referred to in the
charge of the court, and the record does not disclose that
they were again mentioned in the case.   This court has
held, with reference to such a general objection:

"If anything is settled by our decisions, it is that, un-
less an objection clearly advises the trial court of the

specific ground upon which it is made, it will not justify a reversal." *Detzur* v. *Brewing Co.*, 119 Mich. 287 (44 L. R. A. 500), and cases cited.

3. Error is alleged to have been committed in permitting plaintiff to introduce testimony as an element of damages that she was troubled with fainting spells; that such testimony was not admissible under the pleadings and proofs. We think the declaration sufficient. It was in the usual form setting forth the injuries plaintiff received, and the results arising therefrom. The declaration contained no allegation relative to fainting spells, but the testimony of the physician tended to show that they followed as a consequence of the injuries received. This testimony showing fainting spells after the injury was admissible. *Montgomery* v. *Railway Co.*, 103 Mich. 47 (29 L. R. A. 287); *Johnson* v. *McKee*, 27 Mich. 471.

4. It was not error to deny defendant's motion for a new trial. There was evidence to support the verdict, and it was not excessive.

The judgment of the circuit court is affirmed, with costs, against the Detroit United Railway, and reversed as to defendant Grand Trunk Railroad Company, with costs against plaintiff.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.