# APRIL TERM, 1907.

HENGESBACH *v.* DETROIT UNITED RAILWAY.

STREET RAILROADS — INJURIES TO TRAVELERS — CONTRIBUTORY
NEGLIGENCE.

In an action against a street railroad company for injuries to
a traveler at a crossing, evidence examined, and *held,* that
whether plaintiff drove upon the track without looking for
a car and was therefore guilty of contributory negligence
was a question for the jury.

Error to Wayne; Mandell, J. Submitted June 6, 1906.
(Docket No. 3.) Decided April 2, 1907.

Case by Christian A. Hengesbach against the Detroit
United Railway for personal injuries. There was judg-
ment for defendant on a verdict directed by the court,
and plaintiff brings error. Reversed.

*S. E. Engle,* for appellant.
*Brennan, Donnelly & Van De Mark,* for appellee.

McALVAY, C. J. This is an action brought by plaintiff
for damages claimed to have been caused by the negli-
gence of the defendant's servants in operating a street car
in the city of Detroit. The case was tried, and, under
the charge of the court, submitted to the jury. After
being out for a time, the jury were recalled into court,
and, upon being asked, announced that they had not
agreed upon a verdict. In answer to a question by the
court, it was stated that they did not agree upon the facts.
The court then instructed the jury to return a verdict in
favor of defendant, on the ground that plaintiff was guilty
of contributory negligence. Following the direction of

the court, the jury so found, and a judgment was entered for defendant. Error is assigned upon this instruction, and also upon rulings of the court during the trial in excluding and admitting evidence, and in refusing requests to charge.

The court, in directing a verdict, among other things said:

" As I stated to you in the main charge, a man when about to cross a track owes a duty to himself, which, if he does not perform, makes him responsible for all damage that follows, and that duty is to stop and look along the line of railway just before he goes upon the track. This duty the plaintiff in this case did not perform. * * * It seems from his own uncontradicted statement that he started to go upon the track without looking to see if a car was coming, and if that is true, and he is entitled to recover at all, he must recover upon his own theory, and if by his own theory he was guilty of contributory negligence he cannot recover."

We do not think the court was warranted in so holding. Briefly stated, the following appears from the record: Plaintiff was driving his horse and wagon, upon which was a high load over which he could not see toward the rear, and approached the street-car track about to cross in a diagonal direction. He testified he stopped when five feet into the roadway of Grand River avenue, and stood up looking both ways; that he could see 435 feet along the track in the direction from which this car came, and saw no car. He then proceeded to cross, going diagonally, and when the wagon got on to the track it was struck by the car. Evidence was introduced tending to prove these facts. This accident occurred in broad daylight at the intersection of Grand River and Washington avenues. The motorman saw plaintiff's horse and wagon when the car was at Griswold street, 300 feet away. He testifies:

" He was on the east side of Washington, going what we call north. He was going out of the city. I was going in the same direction."

There is a dispute in the testimony as to how the accident occurred and which of the parties was in the wrong. The questions of the negligence of defendant and the contributory negligence of plaintiff were both for the jury to determine. The court was in error in directing a verdict for defendant. It is not necessary to discuss other errors assigned.

The judgment is reversed, and a new trial ordered.

CARPENTER, GRANT, HOOKER, and MOORE, JJ., concurred.