## GROAT v. DETROIT UNITED RAILWAY.

1. PLEADING—AMENDMENT—DECLARATION—AD DAMNUM—PROPRIETY.

Where the statement of the amount in the ad damnum clause of a declaration was inadvertently left blank, an amendment supplying the defect, asked and allowed before the jury was selected, was proper.   Section 10268, 3 Comp. Laws.

2. PROCESS—AMENDMENT—SUMMONS — AD DAMNUM — CONFORMITY TO DECLARATION.

An amendment of the summons in a personal injury case as to the damages claimed, to make it conform to the ad damnum in the declaration, is allowable in the discretion of the court (§ 10268, 3 Comp. Laws), no surprise being claimed, or continuance and terms demanded.

3. DAMAGES—PLEADING AND PROOF—PERSONAL INJURIES.

A declaration in an action for personal injuries alleging that

plaintiff was "greatly injured and bruised internally" will permit proof of permanent injuries to the uterus, not otherwise specifically alleged.

4. SAME—PERSONAL INJURIES—EVIDENCE—SUFFICIENCY.

In an action for personal injuries consisting among others, of injury to the spinal cord and nerves, evidence examined, and *held*, that an instruction that there was no evidence of the injuries stated, and that plaintiff was suffering only from a functional and not an organic disorder, was properly refused.

5. SAVING QUESTIONS FOR REVIEW—REASONS FOR RULING—FAILURE TO REQUEST.

Error in overruling a motion for a new trial on the ground of excessive verdict cannot be considered where no reasons were given by the trial court for its ruling and none were requested.

Error to Wayne; Brooke, J. Submitted January 16, 1908. (Docket No. 68.) Decided June 27, 1908.

Case by Catherine Groat against the Detroit United Railway for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Brennan, Donnelly & Van De Mark*, for appellant.

*Alex. J. Groesbeck* and *Edwin Henderson*, for appellee.

MCALVAY, J. Plaintiff recovered for personal injuries which she claimed to have sustained while riding as a passenger on one of defendant's cars when it collided with another of defendant's cars.

There was no dispute in the case upon the question of defendant's liability. The controversy in the case was as to the amount of damages plaintiff under her declaration was entitled to recover. The suit was begun by summons in which the amount of damages claimed was $10,000. The declaration filed later set forth certain specific items for hospital bills, medical attendance and medicines; also loss of wages from inability to work. In the ad damnum clause no other or further sum was named, the space in

such clause for the insertion of such sum being left blank. Before the trial a motion was made to amend the ad damnum clause by inserting the sum of $25,000 in the blank space in the declaration and also to amend the summons by substituting $25,000 for $10,000 damages as therein claimed. Both amendments were allowed by the court over the objection of defendant and an exception was taken. For this and other errors assigned, defendant by writ of error has brought the case to this court and asks for a reversal.

1. The amendment to the ad damnum clause of the declaration and to the summons was asked and allowed before the jury had been selected. It cannot be claimed that this affected the cause of action upon which suit was brought. The omission to state the amount in the declaration was evidently an oversight and the amendment was clearly allowable under the statute, section 10268, 3 Comp. Laws. To allow the amendment to the summons, to make the damages claimed conform with the declaration, was also, under the same statute and numerous decisions of this court, within the discretion of the trial judge. The record does not show that any surprise was claimed or that a continuance and terms were demanded. The motion was properly granted. *Borden* v. *Clark*, 26 Mich. 410.

2. Complaint is made that the court improperly allowed evidence in the case tending to show permanent injury to the uterus, and also allowed the jury to take this into consideration in determining plaintiff's damages, the claim being that plaintiff's declaration was not sufficiently specific to include such injuries. The plaintiff's declaration alleges among other things:

"That she was greatly hurt, cut, bruised and injured in and about the face, head, body and shoulders and was greatly injured and bruised internally and in consequence thereof and from the effects of which the said plaintiff became and was sick, sore, and lame, disordered and seriously and permanently injured and suffered a permanent

injury to the spine involving the spinal nerves and the deep fibrous structure of the spine, * * * that by reason of the injuries aforesaid she has * * * suffered great bodily pain * * * and will continue to suffer * * * for the remainder of her lifetime."

It appears from the record that the principal contest in the case was relative to the extent and permanency of the nervous disease from which plaintiff is suffering. That fact would not deprive plaintiff of the right to recover other injury if the evidence objected to was competent and admissible under the declaration. The testimony of the attending physician was positive that this condition of the uterus was " due to results from the injuries she received in the accident." We think the declaration sufficient to warrant receiving the evidence.

In *Montgomery* v. *Railway Co.*, 103 Mich. 46 (29 L. R. A. 287), this court in citing and approving the rule laid down in *Johnson* v. *McKee*, 27 Mich. 471, after distinguishing the latter case from *Shadock* v. *Plank Road Co.*, 79 Mich. 7, and other cases, said:

" It will be seen that the rule thus laid down does not require plaintiff to aver all the physical injuries which he sustained, or which may have resulted from, or have been aggravated by, the tort, even though they do not necessarily result from the original injury. If such injuries can be traced to the act complained of, and are such as would naturally follow from the injury, they need not be specifically averred."

We do not agree with defendant that the injury referred to must be shown to have been the result of the injury to the spine. The injury to the spine and the consequent nervous prostration, and the injury to the uterus were both received at the time the cars collided and plaintiff was struck upon the back by the falling roof of a car. The declaration charges that she was also "greatly injured and bruised internally." The trial court was correct in holding that under the declaration the evidence was admissible.

Defendant also had every opportunity freely given for a personal examination of plaintiff to discover the injuries from which she was suffering, and its surgeons made such examination long before the trial of the case, therefore no claim of surprise could be made as to conditions then existing.

3. Defendant requested the court to charge that there was no evidence of any injury to the spinal cord or any injury to the nerves themselves; and also that plaintiff was suffering only from a functional and not an organic disorder. These requests were properly refused. There was abundant proof in the case from which the jury could find that the nerves were injured and that the trouble was organic. Dr. Kennedy testified:

"There are probably six or seven of these nerves involved. * * * In my opinion the nerve itself, the integrity of the nerve, is involved. * * * They are pinned down tight so that they do not perform their functions properly. * * * They are bound down with adhesions that have occurred with the injury to the sheath. * * * I am convinced beyond a question of a doubt that this girl is suffering from what is known as traumatic neurasthenia, commonly known as nervous prostration, and that such nervous prostration is the result of an organic change and that it is permanent. I think the seat of the organic change is at the point that I have described. * * * "

4. A motion for a new trial was made, which included as one of the reasons why the verdict should be set aside, that it was excessive. No request was made of the trial court to file reasons for overruling the motion, and none were given. This court has repeatedly held that it cannot in such case consider error assigned upon such refusal. *Moerman* v. *Clark-Rutka-Weaver Co.*, 145 Mich. 540.

5. Error is also assigned upon remarks of counsel for plaintiff in his argument to the jury, on the ground that they were prejudicial. An examination of the parts of the argument objected to satisfies us that they were made in the heat of the argument, and that counsel himself

made an honest attempt to correct any wrong impression they might have made. We cannot say that the language, although not in good taste, was of such a nature as to prejudice the jury against defendant.

The other errors assigned do not require discussion.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MOORE, and CARPENTER, JJ., concurred.