PLEFKA *v.* DETROIT UNITED RAILWAY.

1. TRIAL — TAKING QUESTION FROM JURY — PROPRIETY — WEIGHT OF EVIDENCE.

In an action against a street-railroad company for injuries to a passenger caused by falling on a car floor, though plaintiff's testimony that the floor was broken and rotten was shaken on cross-examination, and five other witnesses testified who saw no broken floor, it raised a question for the jury, who should not have been instructed that "it is not claimed by plaintiff or any of her witnesses that the floor was broken."

2. CARRIERS—STREET RAILROADS—CARE REQUIRED—SAFE CARS.

A common carrier of passengers owes the duty of at least reasonable care in furnishing and maintaining cars in a safe condition, and an instruction is erroneous which makes a street-railroad company's liability to a passenger for injury from a defective car depend upon such a defective condition as in and of itself to "necessarily" apprise the company of its defective character.

3. EVIDENCE—RES GESTÆ

In an action against a street-railroad company for injuries to a passenger caused by falling on a defective car floor, it was competent for plaintiff to show what the conductor did with the section of flooring at the time, it being part of the res gestæ.

Error to Wayne; Brooke, J. Submitted October 12, 1908. (Docket No. 28.) Decided December 14, 1908.

Case by Celia Plefka against the Detroit United Railway for personal injuries. There was judgment for defendant, and plaintiff brings error. Reversed.

*William Van Dyke*, for appellant.

*Corliss, Leete & Joslyn*, for appellee.

HOOKER, J. The plaintiff entered by the rear door a side aisle street car, the seats facing front. She followed another woman, who, by tripping or stepping on the forward end of a section of removable slats constituting the floor of the aisle, caused its displacement, and, plaintiff's foot being caught under the rear end of the section displaced, she fell and was injured. She brought this action, and, the case being submitted to the jury, a verdict was rendered for defendant, and plaintiff has appealed.

She testified, in substance, to the foregoing, and said that the slats were broken and rotten. While her cross-examination tended to shake this testimony, it raised a question for the jury, who should not have been instructed that "it is not claimed by the plaintiff or any of her witnesses that the floor was broken." We agree with counsel for the defendant that, in view of her cross-examination and the fact that five witnesses testified, none of whom saw any broken floor, there is little reason to believe that the jury could have found that the floor was broken, but we cannot see that the charge can be sustained. The court also charged the jury:

"The burden of proof in this case is upon the plaintiff. She must satisfy you, by a fair preponderance of evidence, that she herself was not guilty of any contributory negligence in the premises, and that the defendant company was guilty of negligence in providing an appliance which was not reasonably safe; that is, that the car floor was in such a defective condition as would necessarily give the

defendant notice of its dangerous character, and that its failure to remedy the defect was of such a character as to make it (the defendant company) liable."

We are of the opinion that this is stating too broad a rule, as the learned circuit judge made defendant's liability depend upon such a defective condition of the floor as in and of itself to "necessarily" apprise the defendant of its dangerous character. The rule is that a common carrier owes the duty of at least reasonable care in furnishing and maintaining cars in a safe condition. He cannot omit all inspection, nor will a careless inspection answer. It is only where a reasonable inspection would have failed, or had failed, to disclose a defect that he can claim immunity from the consequences of furnishing an unsafe car.

It was also competent for plaintiff to show what the conductor did with the section of flooring at the time of the accident, it being a part of the res gestæ, but apparently no harm was done by the exclusion of this testimony.

We are constrained to reverse the judgment, and direct a new trial.

Grant, C. J., and Montgomery, Ostrander, and Moore, JJ., concurred. Blair and McAlvay, JJ., concurred in the result.