MUELLER *v.* DETROIT UNITED RAILWAY.

DAMAGES—PLEADING—SUFFICIENCY OF DECLARATION.

> Evidence of uterine trouble, caused to plaintiff, a passenger, by the derailment of a street car, is admissible, under a declaration which alleges bodily and internal injuries, a bruised side, derangement of her nervous system, and permanent injuries.

Error to Wayne; Hosmer, J. Submitted June 14, 1910. (Docket No. 59.) Decided July 14, 1910.

Case by Anna Mueller against the Detroit United Railway and another for personal injuries. A judgment for plaintiff is reviewed by defendant Detroit United Railway on writ of error. Affirmed.

*Brennan Donnelly & Van De Mark*, for appellant.

*Sellers & Sellers* (*Cassius Hollenbeck*, of counsel), for appellee.

MOORE, J.   From a judgment obtained by plaintiff for injuries received while she was a passenger on one of the cars of defendant, the case is brought here by writ of error.   The record shows plaintiff was injured by a derailed car colliding with a building, throwing her from her seat.   There is testimony to the effect that the car was running about 30 miles an hour; it left the broken track on Michigan avenue, ran across the pavement, over the curb, against and breaking off a sound telegraph pole, across the sidewalk, through a brick wall, and several feet into the building, throwing the rear end of the car around and the car over on its side, tearing its roof off and smashing the car.   The shock rendered plaintiff unconscious, and she was in that condition when removed from the wreck.

It is claimed by appellant that the declaration is insufficient to admit testimony of uterine trouble.   The sufficiency of the declaration to permit this testimony is the only question presented by the brief.   So much of the declaration as is necessary to present the issue reads as follows:

"That plaintiff's body, back, limbs, arms, sides, and chest were then thereby greatly bruised, mangled, and lacerated and plaintiff's right shoulder was dislocated, and she was hurt internally, and her right side was greatly bruised and injured, and also one of her hips was bruised and wounded, and plaintiff thereby suffered great and excruciating pain of body and mind, and by reason of the premises the said plaintiff's nervous system was thereby greatly shocked, deranged and weakened, and by reason of the premises the said plaintiff then and there suffered severe and permanent internal injuries and was confined to her bed for a long space of time,   *   *   *   and by reason of the premises this plaintiff then and there became, and still is, and during the remainder of her natural life will be,   *   *   *   permanently disabled and injured."

The averments of the declaration permitted the admission of the testimony under the following authorities: *Leslie* v. *Traction Co.*, 134 Mich. 518 (96 N. W. 580), and the many cases therein cited; *Renders* v. *Railroad Co.*, 144 Mich. 387 (108 N. W. 368); *Groat* v. *Railway*, 153 Mich. 165 (116 N. W. 1081).

Judgment is affirmed.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.