RALPH v. GIES-GEAR CO.

1. DAMAGES—PAIN AND SUFFERING—ADEQUACY.
    In a personal injury case, a verdict of $100 damages for an injury to plaintiff's hand cannot be said to be inadequate, as a matter of law, under testimony disputed by plaintiff, tending to show that the pain which plaintiff suffered for about four years, from his injury, resulted from improper treatment and care.

2. SAME—PLEADING—SPECIAL DAMAGES—GENERAL HEALTH.
    Evidence that plaintiff's general health suffered from the effects of his injury, was erroneously excluded, although the declaration did not specifically aver the fact.

Error to Wayne; Murfin, J.    Submitted November 30, 1910.    ( Docket No. 156. )    Decided December 22, 1910.

Case by William Ralph, by Tillie Ralph, his next friend, against the Gies-Gear Company for personal in-

juries. A judgment for an alleged insufficient amount is reviewed by plaintiff on writ of error. Reversed.

*Lehman, Riggs & Lehman,* for appellant.

*Brennan, Donnelly & Van De Mark,* for appellee.

MOORE, J. Plaintiff was born on the 25th of June, A. D. 1891. He received the injuries out of which this lawsuit grows on the 18th day of November, 1906. He recovered a judgment of $100. A motion was made for a new trial, which motion was overruled. He brings the case here by writ of error.

The contention of counsel is as follows (we quote from brief of counsel):

"(1) The jury regarded plaintiff with disfavor because, in substance, he was characterized by the court, almost at the inception of the trial, as untruthful.

"(2) Because the jury obtained the impression that the court thought the case was a trifling one, because he would not permit plaintiff's counsel to occupy a half hour, were he not compelled to do so by rule, in which to make both the opening and closing arguments; and we insist the rule should only be applied in cases of a trifling character, and not involving permanent injury to the hand of a boy at the very threshold of his young manhood, a boy destined to earn his living by the toil of his hands."

An examination of the record does not sustain either of these contentions. We again quote from the brief:

"We also insist that the court should have granted a new trial on the ground that the damages were wholly inadequate, and not at all reasonable compensation for the injury sustained by plaintiff. The undisputed testimony shows that the plaintiff was a terrible sufferer for at least two weeks, and that he has suffered more or less pain for a period of four years, and is not yet free from pain."

This contention cannot be sustained, because of testimony to the effect that much of the pain suffered by the plaintiff was due to neglect in caring for the injury, which injury defendant insists was not serious. If the jury be-

lieved this testimony, it might account for the small verdict.

We must consider a more serious assignment of error. In the declaration appears the following:

" His hand came in contact with said unguarded and unprotected emery wheel, and was burned and ground by the same to such an extent that the use of the same was for a long time practically wholly destroyed, and he has not recovered from the same; that in consequence of the same he became sick, sore, lame, and disordered; that the same has been operated upon and treated on four different occasions, but plaintiff has not yet recovered from the same; that as a result of said injuries plaintiff has suffered pain from thence hitherto, and must suffer like pain in the future indefinitely."

Testimony was offered as to the effect of the injury upon the general health of the plaintiff. This testimony was excluded, upon the theory that it should have been specially pleaded. We think this was error, under the following authorities: *Leslie* v. *Traction Co.*, 134 Mich. 518 (96 N. W. 580), and the many authorities cited therein; *Renders* v. *Railroad Co.*, 144 Mich. 387 (108 N. W. 368); *Groat* v. *Railway*, 153 Mich. 165 (116 N. W. 1081).

Judgment is reversed, and new trial ordered.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.