CAMPBELL *v.* HAUGHTON ELEVATOR & MACHINE CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ELEVATORS—EVIDENCE
   —QUESTION FOR JURY.

   In an action for personal injuries alleged to have been
   caused to plaintiff by reason of defendant's agents dis-
   regarding an arrangement not to operate an elevator while
   plaintiff was working in the shaft, the questions of de-
   fendant's negligence and plaintiff's contributory negligence
   were properly submitted to the jury, under the evidence.[1]

2. APPEAL AND ERROR—EXCESSIVE VERDICT—QUESTION NOT REVIEW-
   ABLE IN ABSENCE OF EXCEPTIONS TO DENIAL OF MOTION FOR NEW
   TRIAL.

   Whether the verdict is excessive is not open to review,
   where no request was made to the trial court to file
   reasons for denying the motion for a new trial, and no
   reasons were filed, and no exception was taken to the
   denial of the motion.[2]

Error to Wayne; La Joie (Ernest P.), J.   Sub-
mitted October 21, 1925.   (Docket No. 82.)   De-
cided December 22, 1925.   Rehearing denied, con-
ditionally, June 7, 1926 (234 Mich. 656).

Case by Aldon Campbell against the Haughton
Elevator & Machine Company for personal injuries.
Judgment for plaintiff.   Defendant brings error.
Affirmed.

*Anderson, Wilcox, Lacy & Lawson (Ward H. Peck,*
of counsel), for appellant.

*S. Homer Ferguson,* for appellee.

MOORE, J.   It is the claim of plaintiff that while
employed as a plasterer in the Crowley-Milner build-
ing he met with an accident, as the result of which
he sustained injuries.   He claims he was sent by

---

[1]Negligence, 29 Cyc. p. 632; p. 633; [2]Appeal and Error, 3 C.
J. §§ 865, 910; New Trial, 29 Cyc. p. 960 New.

an authority representing his employer, into the hatch-way of No. 3 elevator shaft in this particular building to do some plastering; that the foreman under whom he was working had entered into an arrangement with the representative of the defendant company, which arrangement was entered into for the protection of the plaintiff and others. He claims the arrangement was not carried out, but was disregarded by the representative of the elevator company, with the result that, while he was doing his job, the counterweights, by reason of the operation of the elevator in violation of the arrangement entered into, came down upon his head and shoulder and forced his body against the guard in such a manner as to cause the injuries of which he complains.

The defendant says that, if there was any arrangement entered into between the foreman under whom the plaintiff was working and the representative of the Haughton Elevator & Machine Company, the arrangement was not conveyed to this plaintiff, and, therefore, not knowing of the arrangement, he could not have relied upon it, and that any injury which came to him at the time and place mentioned in the declaration testified to by the witnesses, came to him, not as the result of the negligence of the defendant company, but as the result of his own negligence. The further claim of the defendant is that, if the defendant in this case is guilty of any negligence, it is not bound because the plaintiff in the case was guilty of negligence which contributed to his injuries. Defendant further claims that at the time of the injury the elevator was not operated by a representative of the defendant company, but by a person not in the control of the defendant company, and that the defendant company is not responsible for the acts of such persons. The defendant moved for a directed verdict at the close of the testimony offered on the

part of the plaintiff, and again after all the testimony was in.   Both motions were overruled and the case submitted to the jury in a charge covering more than 10 pages of the printed record.   The jury returned a verdict in favor of the plaintiff in the sum of $7,500. The defendant moved for a new trial, alleging several reasons, and among them that the verdict was excessive.   This motion was overruled, and the case is brought into this court by writ of error.

Counsel argue the case under three heads:

(1) Negligence of defendant is not established. The defendant claims that the plaintiff has not made out a case of negligence.

(2) Plaintiff was guilty of contributory negligence as a matter of law.   It is the claim of the defendant that the plaintiff has not shown that he was free from contributory negligence on his part, but on the contrary the undisputed testimony shows that the plaintiff was guilty of contributory negligence, causing or contributing to the injury complained of, and that he assumed the risk of injury while engaged in the work he was alleged to have been doing at the time and place of the injury.

(3) The verdict is excessive.   It is the contention of the defendant that the verdict rendered by the jury in this case was and is excessive.

The first two of these groups may be considered together.   There was testimony tending to show that the arrangement which we have heretofore set out in the statement of the claim was made, and that it was not observed.   It would profit no one to make a detailed statement of this testimony.   It was of such a character, however, as to make the question of the negligence of the plaintiff, and also the negligence of the defendant, questions of fact for the jury.   These questions were submitted to the jury in a very careful charge, and the jury held in favor of the plaintiff.

The other question presented is, Was the verdict so excessive as to call for a reversal of the case?   If

the question was open to our consideration on the merits, we would hesitate upon this record to substitute our judgment for that of the jury. . See *Hintz* v. *Railroad Co.*, 132 Mich. 305, and *Dupuis* v. *Traction Co.*, 146 Mich. 151.

The appellee claims the question is not open for discussion under this record, citing a number of authorities, among them *Vezina* v. *Shermer*, 198 Mich. 757, where the late Justice Brooke, speaking for the court, said:

"The first assignment of error is based upon the refusal of the court to grant defendant's motion for a new trial. No request was made to the trial court to file reasons for denying the motion, and no reasons were filed by the trial court. No exception was taken to the denial of the motion. We must hold that this question is not before us on this appeal. *Groat* v. *Railway*, 153 Mich. 165; *Blakeslee & Co.* v. *Manufacturing Co.*, 153 Mich. 230; Act No. 314, chap. 18, § 63, Pub. Acts 1915 (3 Comp. Laws 1915, § 12635)."

The judgment is affirmed, with costs to the appellee.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.