DEFFENBAUGH v. INTER-STATE MOTOR FREIGHT COR-
PORATION.

1. NEW TRIAL—INADEQUATE VERDICT—DISCRETION.
   Court has discretion to grant new trial where, in view of evi-
   dence, verdict is inadequate.

2. SAME—INADEQUATE VERDICT PROPERLY SET ASIDE—DAMAGES.
   Where, in personal injury case, evidence showed that plaintiff
   received very serious injuries, verdict of $5,000 was properly
   set aside as inadequate.

3. EVIDENCE—INSURANCE—MOTOR VEHICLES.
   In action for personal injuries received in automobile accident,
   evidence that defendant carried insurance is inadmissible.

4. APPEAL AND ERROR—EVIDENCE—INSURANCE—MOTOR VEHICLES.
   Where, in action for personal injuries received in automobile
   accident, in cross-examining defendant's witness, plaintiff's
   counsel asked proper question, answer thereto indicating that
   defendant carried insurance was not reversible error.

5. SAME—SUPREME COURT ASSUMES THAT JURY FOLLOWED INSTRUC-
   TIONS.
   Supreme Court assumes that jury followed instructions of trial
   court to entirely disregard fact that defendant carried auto-
   mobile insurance, unintentionally brought into case on cross-
   examination.

6. SAME—NEW TRIAL—EXCESSIVE VERDICT—SAVING QUESTION FOR
   REVIEW.
   Whether trial court erred in denying motion for new trial on
   ground that verdict was excessive is not open to review, where
   no reasons were filed by court for overruling motion and none
   were requested.

ON REHEARING.

7. DAMAGES—EXCESSIVE VERDICT.
   Verdict of $35,000 for injuries to young man 21 years of age,
   which resulted in permanent mental and physical impair-

On excessiveness of verdicts in actions for personal injuries other
than death, see annotation in L. R. A. 1915F, 30.
   Excessiveness of verdicts in actions for personal injuries causing
paralysis, see annotation in 46 A. L. R. 1250, 1255, 1282.

ment, may not be said to be excessive, where it is well within the evidence.

WIEST and CLARK, JJ., dissenting.

Error to Wayne; Webster (Arthur), J. Submitted October 17, 1930. (Docket No. 110, Calendar No. 35,274.) Decided January 23, 1931. Resubmitted February 27, 1931. Decided April 23, 1931.

Case by George Deffenbaugh against Inter-State Motor Freight Corporation, a Michigan corporation, for personal injuries received in an automobile collision. Judgment for plaintiff. Defendant brings error. Affirmed.

*Joseph A. Bloom* (*Walter M. Nelson,* of counsel), for plaintiff.

*Stevens T. Mason* and *Mason, Alexander & McCaslin,* for defendant.

McDONALD, J. This suit was brought to recover damages for injuries received in an automobile collision which occurred on the highway, US–16, near Webberville, Michigan. The plaintiff was a minor at the time of the accident. He was a student at the College of the City of Detroit and a member of a debating team which was in charge of Preston H. Scott, professor of dramatics and public speaking. On March 14, 1928, Professor Scott took the team in his automobile to Lansing, where they were engaged to debate with a team of the Michigan State College. On the way back to Detroit, Professor Scott was driving. The plaintiff sat in the front seat beside him. The defendant's truck was coming toward them from the east. The plaintiff claims that, as the vehicles neared each other, the truck

suddenly swerved to the left directly in the path of the car in which he was riding. A collision followed, in which the plaintiff was seriously and permanently injured.

It is the defendant's claim that, as the automobile in which the plaintiff was riding approached, it was weaving back and forth over the center line of the road, and, just as it neared the truck, suddenly made a sharp turn to the left over to the north side and into the path of the truck.

These issues were submitted to the jury in a proper charge and the plaintiff received a verdict of $35,000. A motion for a new trial was refused. Judgment was entered on the verdict and the defendant has brought error.

The case has been tried twice. In the first trial, the plaintiff recovered a verdict of $5,000. On motion, the court set the verdict aside on the ground that it was grossly inadequate. This is the second trial.

The defendant claims error:

1. In setting aside the verdict of $5,000 in the first trial.
2. In admitting testimony showing that the defendant was insured.
3. In denying defendant's motion for a new trial on the ground that the verdict was excessive.

1. Did the court err in setting aside the verdict in the first trial?

On entering the order in the first trial, the defendant applied to the Supreme Court for a writ of mandamus to compel the circuit judge to set it aside. An order to show cause was denied. In reviewing the subsequent verdict and judgment, the defendant has assigned error on the order of the circuit judge in the previous trial. If in the circumstances it may

be assumed the question is properly in this case for review, we must hold it to be entirely without merit. The granting of a new trial rests in the judicial discretion of the trial court. If in view of the evidence it appears that the verdict is inadequate, he may set it aside on his own motion or on motion of a party.

"The trial court has discretionary power in a personal injury case to set aside the verdict rendered, and order a new trial, of its own motion, if it deems the award insufficient." *Fort Wayne & Belle Isle R. Co.* v. *Wayne Circuit Judge,* 110 Mich. 173 (syllabus).

In the instant case, considering the very serious injuries which the plaintiff sustained, the verdict of $5,000 was insufficient. The trial court rightly exercised his discretion in setting it aside and granting a new trial.

2. Was it error to admit testimony tending to show that defendant carried insurance?

This testimony was not admitted. It just came in without suggestion of counsel and without opportunity by the court to reject it. Ernest A. Sinclair was sworn and examined in behalf of the defendant. He had not been a witness on the previous trial, and, on cross-examination, plaintiff's counsel sought to find out why. The witness said they wanted him to come before, but he was working and could not come.

"*Q.* Who wanted you to come down before?

"*A.* I can't recall the lawyer's name.

"*Q.* Mr. Mason or Mr. Frost or Mr. Davison or Mr. Alexander?

"*A.* Some of the insurance lawyers. * * *

"*Mr. Mason:* If the court please, what has this developed about insurance lawyers?

"*Mr. Nelson:* He did it; I didn't know what it was."

The question asked by counsel was proper cross-examination. It did not suggest insurance, and counsel was not to blame that the witness answered in that way. Experience in the trial of these cases shows that the question of insurance very frequently gets before the jury in spite of court and counsel. While always it should be excluded, the present day decisions are against holding it to be reversible error unless it is deliberately injected into the case and improperly used by counsel. In *Morris* v. *Montgomery*, 229 Mich. 509, this court said:

"The time has come when probably a majority of persons on every jury own automobiles and the policy of carrying insurance is so common that it is not surprising if jurors sense the fact. The rule of exclusion, perhaps, ought to continue, even though every day affairs have moved beyond its original reason, but it ought not to be employed to set aside judgments except in cases of flagrant violation."

And in *Sutzer* v. *Allen*, 236 Mich. 1, it was said:

"It has now become common knowledge that people owning automobiles have them insured, and because that fact in a particular case reaches the ears of the jury during the trial, it is no longer reversible error unless an improper use is made of it by counsel for the evident purpose of inflaming the passions of the jury and thereby increasing the size of the verdict."

Nothing of that kind happened in the instant case. The matter of insurance was not again referred to during the trial except when the court charged the jury that they must disregard it entirely. This court will assume that they followed his instructions. Its presence in the case does not constitute reversible error.

3. Did the court err in refusing a motion for a new trial on the ground that the verdict was excessive?

This assignment is not here for review. No reasons were filed by the court for overruling the motion. None were requested. Time and again we have held that, to save this point for review, reasons must be filed. In *Groat* v. *Railway,* 153 Mich. 165, 169, we said:

"A motion for a new trial was made, which included as one of the reasons why the verdict should be set aside, that it was excessive. No request was made of the trial court to file reasons for overruling the motion, and none were given. This court has repeatedly held that it cannot in such case consider error assigned upon such refusal."

See *Moerman* v. *Clark-Rutka-Weaver Co.,* 145 Mich. 540; *Campbell* v. *Haughton Elevator & Machine Co.,* 233 Mich. 157.

No other questions merit discussion. The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with McDONALD, J.

WIEST, J. (*dissenting*). I think the damages excessive, and the motion for a new trial on that ground should have been granted.

The judgment should be reversed, and a new trial granted, with costs to defendant.

CLARK, J., concurred with WIEST, J.

### ON REHEARING.

McDONALD, J. Yielding to the insistence of counsel for defendant, we have considered on rehearing

their contention that a verdict for $35,000 in this case is excessive. At the time of the accident, the plaintiff was about 21 years of age and was preparing to enter the law profession. He was in excellent physical and mental condition. Immediately following the accident, he remained unconscious for approximately 30 days. The injuries brought about a complete change in his personality and mentality, caused partial paralysis of his right side, impaired his speech, sight, and hearing and rendered him incapable of any sustained physical or mental effort. Eminent specialists who were called to testify gave it as their opinion that his mental and physical impairment was permanent. The record justifies an award of very substantial damages. In *Fishleigh* v. *Railway Co.*, 205 Mich. 145, many cases are cited in which large verdicts have been affirmed. This verdict is large, but we think it is well within the evidence.

The judgment is affirmed.

Butzel, C. J., and Potter, Sharpe, North, and Fead, JJ., concurred with McDonald, J.

Wiest, J. I adhere to my former opinion.

Clark, J., concurred with Wiest, J.