CALISTA EDWARDS v. THE COMMON COUNCIL OF THE VILLAGE OF THREE RIVERS.

[See 96 Mich. 625.].

*Pleading—Amendment — Damages — Municipal corporations — Defective sidewalk—Evidence—Hypothetical questions— Contributory negligence.*

| 102 | 153 |
| 107 | 498 |
| 102 | 153 |
| 113 | 351 |
| 102 | 153 |
| 114 | 103 |
| 114 | 416 |
| 102 | 153 |
| 116 | 466 |

1. It is within the discretion of a circuit judge to permit the amendment of the declaration in a personal injury case by inserting therein, after the general description of the injuries alleged, to have been sustained, an averment "that said injuries so received and sustained as aforesaid are permanent."

2. A declaration in a personal injury case which, after describing the manner in which the injuries complained of were received, alleges that plaintiff was greatly wrenched, bruised, sprained, and injured in her left foot, ankle, and limb, so that on account thereof her said left foot, ankle, and limb became and were, and ever since said date have been and continued to be, greatly swollen, sore, and lame, so much so that plaintiff has ever since said injury been hardly able to walk about the house, and is thereby disabled from carrying on her business, that of keeping a boarding-house, and that said injuries so received and sustained by her as aforesaid are permanent, is sufficiently specific to admit of proof of permanent injuries of the kind alleged.

3. It is not error to permit a witness in a personal injury case, whose attention has been called to the portion of the walk where the injury is claimed to have been received, to testify to the condition of the walk at that point, the evidence being competent as bearing upon the question of notice.

4. The introduction of testimony on the part of the defendant in a personal injury case tending to show that the plaintiff had for many years prior to the injury been lame, that her limbs had long troubled her, and that she had varicose veins, justifies the admission on behalf of the plaintiff of the testimony of acquaintances of the plaintiff tending to show an absence of such conditions; that plaintiff was healthy, and had been during the period covered by defendant's testimony; and that intimate acquaintances never had known that she was afflicted in the manner testified to.

5. A witness for the plaintiff was examined about a point in the walk 35 or 36 feet from a bridge, and testified concerning a hole in the walk at that point that he thought was 5 inches deep. The plaintiff identified the place of the accident as being near a telephone pole, which she located at a distance of from 34 to 35 feet from the bridge. The witness said nothing about a telephone pole in describing the place he saw. Expert witnesses were asked hypothetical questions, in which the hole was described as of the depth testified to by the witness. And it is held that the court properly allowed the questions to be answered, as it was for the jury to say whether or not the plaintiff was hurt in the place testified to by the witness.

6. A request to charge in a personal injury case, which goes to the extent of saying that if the plaintiff, at the time she stepped into the hole in the sidewalk upon which she was injured, was afflicted with *any* disease, it was necessary for her to use more caution in looking for holes in the walk than is required of ordinarily healthy persons, is properly refused.

Error to St. Joseph. (Loveridge, J.) Argued June 28, 1894. Decided September 25, 1894.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*H. O. Bliss* and *Newton H. Barnard,* for appellant.

*B. E. & L. F. Andrews* and *O. F. Bean,* for plaintiff.

HOOKER, J. The defendant appeals from a judgment rendered against it in an action for an injury alleged to have been received by the plaintiff on the occasion of a fall upon a sidewalk.

Plaintiff's counsel sought to show that the injury alleged was permanent, and, being met by the objection that the declaration did not so allege, asked to amend the same by inserting in the first count the words, "And the plaintiff alleges that said injuries so received and sustained by her as aforesaid are permanent." The second count already contained the allegation "that said injury is likely to

prove permanent." It needs no citation of authorities to vindicate the power of the circuit judge to permit this amendment, or to support the proposition that the exercise of his discretion should not be interfered with unless abused. We think the amendment was a proper one.

It is contended, however, that the declaration as amended was not sufficiently definite to admit of proof that the injuries were permanent. The language of the first count is that plaintiff,—

" By stepping her left foot into the hole in said sidewalk where said plank or board was gone and out of said sidewalk as aforesaid, was greatly wrenched, bruised, sprained, and injured in her left foot, ankle, and limb, so that on account thereof her said left foot, ankle, and limb became and was, and ever since said date has been and continued to be, greatly swollen, sore, and lame, so much so that she, said plaintiff, has ever since said injury been hardly able to walk about the house."

The second count alleges that plaintiff—

" Stepped her left foot into a hole where said board or plank was so out of and gone from said sidewalk as aforesaid, and was thereby greatly wrenched, sprained, bruised, and injured in her said left foot, ankle, and limb, and by means whereof was greatly injured.".

The cases of *Shadock v. Plank Road Co.*, 79 Mich. 11, and *Kalembach v. Railroad Co.*, 87 Id. 509, are cited in support of this contention, in which cases, it is said, the descriptions of the injuries are quite as specific as in the declaration before us. We consider them much less so, and think this declaration sufficiently specific to admit of proof of permanent injuries of the kind sought to be proved.

A Mr. Aspinwall, who lived in Three Rivers at the time of the accident, testified that three planks were broken, one of which was loose during July and August,[1] though he thought it was not out until the middle of August;

---

[1] The plaintiff was injured on the 21st day of August, 1890.

that he replaced it several times; that the sills were decayed, and one plank broken in two; that when walking across the walk great care was necessary if one stepped on one end or close to the sill. The last sentence was objected to, and taken under exception. The witness afterwards explained that there was danger of tipping the plank up and throwing it out. It has been repeatedly held that evidence of the condition of the walk in the vicinity of the place of the accident is admissible, as bearing upon the question of notice. See *Fuller v. City of Jackson*, 92 Mich. 197; *Corcoran v. City of Detroit*, 95 Id. 84; *O'Neil v. Village of West Branch*, 81 Id. 544; *Dotton v. Village of Albion*, 50 Id. 131. In *Campbell v. City of Kalamazoo*, 80 Id. 660, testimony nearly identical with that objected to was held proper.

Counsel for the defendant offered testimony tending to show that plaintiff had for many years been lame, that her limbs had long troubled her, that she had varicose veins, etc. This justified the admission of testimony of acquaintances tending to show an absence of such conditions, and that she was healthy, and had been during the period covered by defendant's testimony, and that intimate acquaintances never had known that she was so afflicted. We have examined this testimony, and think that the defendant has no ground for complaint in regard to it. It is more than negative testimony.

Expert witnesses were asked hypothetical questions, which described the hole as four or five inches deep. Counsel say in their brief that the testimony of the plaintiff would tend to show that the depth of the hole was just the thickness of the plank, and that the only other witness who testified about the depth was talking of a hole that he thought was five inches deep. It is argued that they must have been talking of different places, because "she identified the place as being near a telephone pole, but he

said nothing about a telephone pole in describing the place he saw." Mr. Edwards, plaintiff's husband, was being examined about a point in the walk 35 or 36 feet from a bridge, and the plaintiff had testified on cross-examination that the telephone pole was 34 or 35 feet from the bridge. Her testimony about the depth of the hole was as follows: ·

"*Q.* How deep was the hole?

"*A.* I cannot tell you.

"*Q.* About two inches?

"*A.* I think it was more than two inches.

"*Q.* Is it not a fact that the hole was just the depth of the thickness of the planks?

"*A.* I suppose so. I do not know. I could not say.

"*Q.* You would not say that it was any deeper than that?

"*A.* No, sir; I would not say either way."

The court properly allowed these questions to be answered, as it was for the jury to say whether or not she was hurt in the place testified to by Edwards. That theory being supported by testimony, the question was proper. *Fox v. Lead & Color Works,* 92 Mich. 243.

Error is assigned upon the refusal of the court to give the following request to charge:

"If the plaintiff, at the time the injury is claimed to have been received by her, was in a diseased condition, then she was required to use greater care and caution than an ordinarily well person would have been."

It is true that a blind man should not walk with the assurance of a robust youth in the full possession of all his faculties. A lame man might not be justified in going over obstacles where a sound man might venture, but there is no reason for a greater apprehension of defects which he has no reason to suppose exist. This request, as applied to this case, goes to the extent of saying that *any* disease makes it necessary for a man to use more caution in looking for holes in a walk than is required of ordinarily healthy persons. We think this rule has no such broad

application as that contended for. There must be some apparent relation between the disease or infirmity and the danger to be avoided. None is shown here which required the plaintiff to be more diligent in looking for holes in the walk than the ordinarily prudent person is expected to be.

A number of other questions are raised, but, after examining them, we think it unnecessary to refer to them further than to say that we find no error in them.

The judgment will be affirmed.

The other Justices concurred.