DAWSON v. PETERSON.

1. PLEADING—AMENDMENTS.
    It is within the discretion of the trial court to permit an
      amendment of the pleadings, in an action for professional
      services brought by D. and G. as copartners, so as to show
      that the services were in fact performed by the firm of D.,
      W. & G., and that the claim therefor has been assigned to the
      plaintiffs.

2. EVIDENCE—PROOF OF FOREIGN LAWS.
    A sufficient foundation for the introduction of a volume in
      proof of the laws of a foreign country is laid by the testimony
      of a barrister and solicitor of such country that it is a volume
      of the statutes commonly admitted and used as evidence in
      the courts of his country.[1]

3. CONFLICT OF LAWS—PROFESSIONAL SERVICES — COMPENSATION.
    A contract for professional services between a citizen of this
      State and a foreign attorney will, in the absence of a special
      agreement as to compensation, be governed by the rate fixed
      by statute in the country in which the contract is made and
      is to be performed.

Error to Wayne; Carpenter, J. Submitted June 12,
1896. Decided July 28, 1896.

*Assumpsit* by Herbert J. Dawson and another against
Henry M. Peterson for professional services. From a
judgment for plaintiffs, defendant brings error. Affirmed.

*James H. Pound*, for appellant.

*T. T. Leete, Jr.*, for appellees.

LONG, C. J. Plaintiffs are the successors of the firm of
Dawson, Weir & Greenheizen, barristers at Petrolia,
Ontario. The defendant resides in Detroit, this State,

---

[1] The subject of proof of foreign laws is considered in an extensive
note to *State* v. *Behrman*, (N. C.) 25 L. R. A. 449.

and owned a small tract of land at Petrolia, which was being used for oil wells. On November 16, 1892, defendant went to Petrolia to look after his property, and found a man by name of McKenzie tearing down and removing the line fence between himself and defendant, under the claim that the fence was not on the division line, and insisting that the true line was some 12½ feet further over upon what defendant claimed as his land. Defendant called upon the firm of Dawson, Weir & Greenheizen, and insisted that he would stop the removal of the fence, and, as plaintiffs claim, was then informed that it could be done only by injunction, which was an expensive remedy; that defendant insisted, and the papers were prepared for what is termed an "*ad interim* injunction," continuing for eight days. Defendant was then advised of the steps necessary to be taken and the proceedings to be commenced. The *ad interim* injunction was obtained, and within the eight days the plaintiffs prepared the affidavits for a continuance of the injunction, and also affidavits in answer to those filed by Mr. McKenzie. The cause was partly argued at Toronto, then moved to London, and from there to Toronto again, and finally there closed up and decided in favor of the plaintiff in the case. Counsel was engaged, and the engagement ratified by letter from the defendant. The barristers were advised also by letter from defendant to push the case, and win it at all hazards. After judgment at Toronto, an appeal was taken to the divisionary court, and there reversed. This action is brought in the Wayne circuit court to recover for moneys expended by the barristers for the defendant, and for fees and charges in the conduct of the case.

It appeared upon the trial that the services were rendered, or partly rendered, by the firm of Dawson, Weir & Greenheizen, but this fact was not set out in the pleadings, or any assignment of the claim stated. The court permitted an amendment of the pleadings, under objection, and proof was then offered and received of an

assignment of the claim to plaintiffs. This amendment was within the discretion of the court, which was properly exercised under the statute of amendments.

It is claimed that the charge for the services rendered was in accordance with the rates established by the statute of Ontario. To prove this, Mr. Weir, a barrister and solicitor of Ontario, was called, and he was shown a printed volume, which plaintiffs' attorney claimed was the Revised Statutes of Ontario for 1887, and appeared to be printed at Toronto at the Toronto Law Printer's. He was asked to state if that was a volume of the statutes commonly admitted and used as evidence in the courts of Ontario, and answered that it was. He also testified that sections 31 and 34, chapter 147, of that volume, had reference to solicitors' fees. The book was then offered and received in evidence, under objection of defendant's counsel that it was incompetent and irrelevant, and that no foundation had been laid for its introduction. The general rule is that foreign laws may be proved by a printed volume thereof, which a witness having means of information can swear is recognized as authentic, and received, by the courts in the country in which such laws are alleged to exist. 23 Am. & Eng. Enc. Law, p. 294; *Owen* v. *Boyle,* 15 Me. 147 (32 Am. Dec. 143); *Woodbridge* v. *Austin,* 2 Tyler, 364 (4 Am. Dec. 740); *Jones* v. *Maffet,* 5 Serg. & R. 523. In the last case a printed copy of the Irish Statutes was offered in evidence, with the testimony of a barrister of Ireland that he had received them of the king's printer in Ireland, and that they were good evidence there. The statute was received in evidence by the Pennsylvania court to show the law of Ireland. See, also, *O'Keefe* v. *U. S.,* 5 Ct. Cl. 674; *Talbot* v. *Seeman,* 1 Cranch, 1; *Ennis* v. *Smith,* 14 How. 400. In *Lacon* v. *Higgins,* 3 Starkie, 178, a printed copy of the French Code, produced by the French consul resident in London, who obtained it at a bookseller's shop in Paris, was admitted as evidence of the laws of France

by proof that it was admitted and used as evidence in France. In the present case the statute was sufficiently proved, and was properly received in evidence. Sections 31 and 34 fixed the tariff of charges for solicitors' fees.

On the trial the defendant contended that he had a special agreement with the plaintiffs to conduct the suit for from $200 to $300, and that he never authorized them to expend any greater sum. The court submitted that issue fairly to the jury, and instructed them that, if they found such special agreement did not exist, the plaintiffs' bill would be regulated by the tariff fixed by the statute. The court was not in error in the charge. The contract of employment was made in Ontario, and is governed by the law of the place. The statute fixed the rates of charges, and each was bound by it.

Some other questions are raised. We have examined them, but, being so clearly of the opinion upon the whole case that no error was committed, we refrain from speaking upon the other points.

The judgment must be affirmed.

The other Justices concurred.