### FARNAM *v.* DOYLE.

1. PLEADING — APPEAL FROM JUSTICE'S COURT — AMENDMENT OF DECLARATION — ASSIGNMENT OF CLAIM.

On the trial of a case appealed from justice's court, wherein the summons ran in the name of "J. F., assignee of L. F.," it was not error to permit plaintiff to amend his declaration by setting up an assignment of the claim sued on.

2. SAME.

It was immaterial that the amendment allowed was not reduced to writing, the declaration being oral, and the parties having proceeded as though it were in fact amended.

3. SAME.

It appearing that the claim was for services rendered by plaintiff's assignor, it could not be said that the amendment authorized did not aver the assignment of an antecedent debt.

4. SAME — NEW CAUSE OF ACTION.

The amendment of a declaration on the trial of an appeal from justice's court, by setting up an assignment of the claim sued on, does not introduce a new cause of action.

Error to Wayne; Frazer, J. Submitted October 22, 1901. Decided December 3, 1901.

*Assumpsit* by John Farnam against Patrick M. Doyle on an assigned claim for services rendered. From a judgment for plaintiff, defendant brings error. Affirmed.

*William E. Thompson* and *William Rolston Brown*, for appellant.

*Dohany & Dohany*, for appellee.

LONG, J. This action was commenced in justice's court. The summons by which the suit was commenced reads, " John Farnam, assignee of Lawrence Farnam." Defendant did not appear, and judgment was rendered in favor of plaintiff for $75. Defendant appealed. Shortly after the trial commenced in the circuit court, it was discovered that the declaration did not aver the assignment, and the court permitted an amendment averring it. The declaration in the justice's court was not in writing, and the amendment allowed by the court was not reduced to writing. The plaintiff recovered, and defendant brings error.

1. It is claimed that the court was in error in permitting the amendment to the declaration. We think the court properly allowed the amendment. It was a matter within the discretion of the court. *Hoyt* v. *Wayne Circuit Judge*, 117 Mich. 172 (75 N. W. 295).

2. It is contended that the declaration was not in fact amended, and therefore does not aver an assignment. There was no written declaration filed. The plaintiff pleaded orally in justice's court, and only the substance of the declaration was noted by the justice, as shown by the return. The court allowed the amendment averring the assignment, and the parties went to trial treating the declaration as being so amended, though it was not formally amended. This was a sufficient amendment. *Johnston* v. *Insurance Co.*, 106 Mich. 96 (64 N. W. 5).

3. It is said that, if it be found that the amendment as made was sufficient, still it did not aver an antecedent debt. The claim of the plaintiff was that some time prior to the month of April, 1900, Lawrence Farnam, the

assignor, entered into an agreement with defendant to find a purchaser for certain real estate in Detroit belonging to defendant, who agreed to pay for such services the sum of $100; that defendant afterwards sold a portion of the property, and admitted that Lawrence Farnam found the purchaser for that piece; that another purchaser for the balance was found, who offered a satisfactory price, but the deal was never closed; that defendant paid Lawrence Farnam $25 on account, leaving a balance of $75 due; and that the plaintiff purchased the balance of the claim from Lawrence Farnam, and paid $75 in money for it. When the question of the amendment came up, it appears that the court said to counsel for plaintiff:

"You may amend your declaration in this case by alleging in the declaration, in conformity with this summons, that the claim in this suit was assigned as you claim it was assigned, and as this assignment shows."

We think, under these circumstances, it cannot be said that the declaration did not aver an assignment of an antecedent debt. It was an assignment of a debt due the plaintiff's assignor, which was for services performed in selling property for defendant.

4. Counsel claim that the averment of the assignment sets up a different cause of action. It was held in *Dawson* v. *Peterson*, 110 Mich. 432 (68 N. W. 246), that the averment of such an assignment did not set up a different cause of action.

5. Some claim is made that the court was in error in some portions of his charge to the jury. We have examined the charge, and think it not open to criticism. It fairly presented the issues to the jury.

The judgment must be affirmed.

The other Justices concurred.