GRANGER *v.* DARLING.

1. APPEAL AND ERROR—INSTRUCTIONS—PREJUDICE.
    One alleging error upon an instruction to the jury must show that he was prejudiced thereby.

2. WITNESSES—EXAMINATION—LEADING QUESTIONS.
    Appellant cannot complain that the trial court erred in sustaining an objection to a question on the grounds that it was suggestive and leading, where he was given an opportunity to gain the information desired by further questions and did not take advantage of such offer.

Error to Saginaw; Gage (William G.), J.   Submitted

January 21, 1909.   (Docket No. 108.)   Decided March 16, 1909.

Case by Annie E. Granger against Harry Darling for personal injuries.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Beach, O'Keefe & Rockwith,* for appellant.

*Snow & Snow,* for appellee.

GRANT, J.   Plaintiff was calling at the house of the defendant on business.   As she was upon the steps leading into the house, she was attacked and bitten by a dog, claimed to be the defendant's.   She brought suit against him and recovered a judgment for $500.   Three errors are assigned.

1. The court instructed the jury as follows:

"And I will say right now that in every case, in determining the weight to be given to the testimony of the witnesses, if you are satisfied that any witness has testified falsely with regard to any material fact in the case, then you have a right to reject the testimony of that witness entirely, unless it is supported by other evidence in the case; but you have a right to give it such weight as you think it is entitled to, notwithstanding you are satisfied that the witness has testified falsely in some respect."

It is urged that the instruction is erroneous, in that it fails to state to the jury that the rule given them only applies where the witness has knowingly, wilfully, or intentionally testified falsely, and cites many cases claiming to sustain the proposition.   No requests were made by either party.   Counsel for neither party called the attention of the court to the point now raised.   Counsel for the plaintiff cite several authorities where the language of the charge has been used and approved.   *Whitaker* v. *Engle,* 111 Mich. 205; *Fraser* v. *Haggerty,* 86 Mich. 521; *Cole* v. *Railway Co.,* 95 Mich. 77.   An examina-

tion of these cases shows that this question was not there raised.

We do not think, however, that the defendant is in position to take advantage of this alleged error. He has not shown that he was prejudiced by it. One alleging error must show that he was prejudiced by the erroneous ruling. *Louden* v. *East Saginaw*, 41 Mich. 18; *Richards* v. *Tozer*, 27 Mich. 451. Defendant has not shown that this ruling affected either of his witnesses. The instruction was evidently aimed at the plaintiff, who, upon the trial, identified a dog produced in court as the dog that bit her, but which was conclusively shown not to be the defendant's dog. Aside from this, there is no serious dispute upon any of the facts in the case. Defendant should have shown that this instruction applied to one or more of his witnesses. If it applied only to plaintiff, the instruction was to the advantage of the defendant.

2. It is claimed that plaintiff was permitted to testify to a conversation with Mrs. Darling not in the presence of the defendant. It is a sufficient reply to say that the judge excluded all of the conversation that was not in his presence. Furthermore, it is apparent from the defendant's own testimony that he heard it all.

3. Defendant called a witness named Andrew Messick, and asked him: "Have you been paid for being a witness in this case more than the regular fee?" Counsel for plaintiff objected to the form of the question, in that it was suggestive and leading, and it did not appear that witness knew what the regular fee is. The court sustained the objection, and stated that defendant's counsel could ask witness in any other form about what he had been paid, if he desired. Counsel did not take advantage of the offer. There was no error in the ruling.

Judgment affirmed.

BLAIR, C. J., and MONTGOMERY, MOORE, and MCALVAY, JJ., concurred.