GATES *v.* BEEBE.

1. AMENDMENTS—PLEADING—DECLARATION—DAMAGES—PERSONAL INJURIES.

Plaintiff's declaration for the negligent killing of decedent was not erroneously amended on the trial by the addition of an item of $25 for a physician's services, in the absence of any claim of surprise, or of a right to costs and an adjournment, on defendant's part.

2. DEATH—APPEAL AND ERROR—SURVIVAL ACT—DECLARATION.

Defendant's claim that the suit was improperly planted under the "death act," and that the evidence showed only a right under the "survival act," was not sufficiently brought to the attention of the court by an objection to testimony as to decedent's children, which was sustained, followed by a statement of counsel that the declaration was framed on the "death act," and opinion of the trial court that the proof must be planted on the "survival act," the record also showing no exception to any ruling of the court, and no request to charge, raising the point.

3. SAME—PRESUMPTION OF CARE—NEGLIGENCE.

It is only where no witnesses to an accident are produced that a presumption is indulged that a deceased person killed therein exercised due care.

4. SAME—TRIAL.

Where eyewitnesses were produced who saw the injury of decedent, and whose testimony was in conflict as to his negligence, the court improperly charged the jury that decedent should be presumed to have exercised due care. MOORE, C. J., dissenting.

Error to Wayne; Murphy, J. Submitted January 8, 1912. (Docket No. 8.) Decided May 3, 1912.

Case by L. May Gates as administratrix of the estate of Frank M. Gates, deceased, against Alfred H. Beebe for the negligent killing of plaintiff's intestate. Judgment for plaintiff. Defendant brings error. Reversed.

*James H. McDonald* (*Leo M. Butzel*, of counsel), for appellant.

*Washington I. Robinson* and *Henry C. L. Forler*, for appellee.

McALVAY, J. Plaintiff, as administratrix, recovered a judgment against defendant for damages on account of the death of her husband, caused by the claimed negligence of defendant in so operating and running his automobile that it struck deceased and severely injured him, from which injuries he died within 10 or 15 hours.

Plaintiff's intestate lived in the city of Detroit near the crossing of Grand River avenue and High street. He was 59 years of age, and was a clothing salesman in the employ of Partridge & Blackwell, at a salary of $75 per month. On the day of his injury he left home about 12·50 p. m. to take a car downtown. He was about five minutes late, and was hurrying. As he came to the street crossing, he was too late to get the city car, but an interurban car was following the city car. There is evidence tending to show that he left the curb, and was standing in the street by the side of the car, which was stopping, waiting for the rear of the car to come to him; that at this time defendant was driving at a high rate of speed in his automobile, a Reo runabout, with side and rear curtains on. He was going out Grand River avenue between the track and curb, near the middle of the pavement, which is 22 feet and 9 inches wide on that side. As he approached plaintiff's intestate, the machine was turned towards the car track, where he was standing. He was struck and thrown violently upon the pavement, striking his head and fracturing his skull. From this injury he died during the ensuing night. No horn or warning was sounded by defendant. The defense claimed was that defendant was driving at a moderate rate of speed, and, when near deceased, turned his car towards the track to avoid some school children; that deceased suddenly and negligently ran out from the curb towards the automo-

bile, without paying any attention to it, and ran into and collided with it on the side at the hind wheel, which, catching his feet, threw him on the pavement, and injured him.

The errors relied upon are: That the court erred in allowing an amendment to the declaration by which a new item of damage was added; that the court erred in holding that the declaration in the case stated a cause of action under the so-called survival act; that the court erred in refusing to grant a new trial. Other errors relate to refusals to give some of defendant's requests to charge, and to portions of the charge as given.

The amendment to the declaration complained of was allowed during the course of the trial while the attending physician was being examined, and it appeared that a charge was made by him for services. By permission of the court, after objection by defendant, the declaration, which did not cover such services, was amended. The amendment was formulated and read into the record at the close of the proofs. The item amounted to $25, and proof of it was admitted. No claim was made of surprise by defendant, that it introduced a new cause of action, or that it should be allowed on terms of costs, with the trial to proceed at the option of defendant. The amendment was one within the sound discretion of the court, and its allowance was not error. *Edwards* v. *Village of Three Rivers*, 102 Mich. 153 (60 N. W. 454); *Groat* v. *Railway*, 153 Mich. 165 (116 N. W. 1081).

It is contended that this is a declaration under the death act (3 Comp. Laws, § 10427), and not under the survival act (3 Comp. Laws, § 10117), and that the court erred in construing it as he did. In this case the plea was the general issue, and we do not find in the record that defendant objected to the evidence bearing upon the question of the damages plaintiff was entitled to recover. All that appears upon the question whether or not the declaration was drawn upon the survival act before the proofs were closed is as follows: Plaintiff's

counsel asked how many children plaintiff had. Mr.
McDonald (counsel for defendant) objected. The court
sustained the objection.

"*The Court:* This action is planted upon the survival
act?
"*Mr. McDonald:* The action is planted under the
death act.
"*The Court:* I think under this proof it must be planted
upon the survival act, must it not?
"*Mr. McDonald:* I think so."

We do not find any objection or motion upon the sub-
ject, or any ruling of the court to which an exception was
taken, as claimed in the assignments of error. It may be
that upon a motion for a new trial such claims were urged,
but the record contains no such motion or exceptions to
its denial. The record shows no objection to the allow-
ance of damages under the survival act, and no excep-
tion to its denial, although error is assigned upon it. Nor
was the matter called to the attention of the court by a
request to charge. This court, therefore, does not find
that the question as to the sufficiency of the declaration
to sustain a recovery under the survival act is properly
before the court, unless it may be claimed by the follow-
ing excerpt from the charge:

" If the plaintiff is entitled to recover, she is entitled to
recover such a sum as was spent in medical attendance
upon the deceased, and, further, such a sum as you find de-
ceased would have earned during the remainder of his life
had he lived."

This was one sentence from a long paragraph of the
charge which covered the entire ground upon the subject
of damages plaintiff would be entitled to in case the jury
found for her. No request to charge upon the question
was presented, nor the attention of the court called to it
except as we have indicated. Under such circumstances,
we think it would be unfair to the trial judge to hold that
upon this record the question was presented and passed upon
by him. Defendant was apprised of his views during the

examination of the first witness, and had ample opportunity to put the record in proper condition to present the question to the court.

It is true that the court considered that the declaration stated a cause of action under the survival act, as appears from his charge relative to damages which correctly stated the law in accordance with our decisions. *Olivier* v. *Railway Co.*, 138 Mich. 242 (101 N. W. 530). This court confines itself to records as presented, and cannot consider this question.

As to the error claimed upon the refusal of the court to grant a new trial, we need say nothing further than already appears. It is not raised upon the record. The requests to charge which should have been given were embodied in the general charge of the court. Two were properly refused:

"(1) That no negligence has been proved against the defendant.

"(2) That the deceased was guilty of contributory negligence and therefore cannot recover "

There was a dispute in the case upon both of these propositions. Under the evidence submitted, the court should not have determined these questions as matters of law. No error was committed in refusing to give defendant's requests.

Error is assigned upon the following charge of the court:

" I say to you that, if the attendant circumstances happening at that time do not indicate the contrary, deceased will be presumed to have been in the exercise of due care. That is to say, gentlemen of the jury, inquire and determine from this evidence what the attending circumstances show; and, if the attending circumstances do not satisfy you that the deceased was guilty of negligence, then you may fairly presume that he was in the exercise of that degree of care which he was called upon to exercise."

In this case there was conflicting testimony given by eyewitnesses upon the question of the contributory negligence of plaintiff's decedent.

The court correctly charged that the burden of proof rested upon the plaintiff to show that her decedent was without negligence. This court has held in *Mynning* v. *Railroad Co.*, 67 Mich., at page 680 (35 N. W. 812), as follows:

"This is not a case where there was no living witness of the accident; consequently there is no room for the presumption arising from the natural instinct of self-preservation that deceased was exercising due care to preserve his life or person from injury."

An examination of the original record and briefs shows that this question was presented in this case, as also appears from the opinion in the same case (it was before the court three times), reported in 64 Mich., at page 102 (31 N. W. 151, 8 Am. St. Rep. 804), as follows:

"The presumption of law is that the person killed at a crossing did stop and look and listen, and will prevail in the absence of direct testimony on the subject."

A careful examination of available cases in other courts shows that the rule is that such presumption prevails only in the absence of direct testimony on the subject. In *Mayo* v. *Railroad*, 104 Mass. 140, the court said:

" All the circumstances under which the injury was received being proved, if they show nothing in the conduct of the plaintiff, either of acts or neglect, to which the injury may be attributed in whole or in part, the inference of due care may be drawn from the absence of all appearances of fault."

To the same effect the supreme court of Iowa has held:

" The rule as to the inference which may be drawn from the instinct of self-preservation has been fully discussed in recent cases in this court, and need not be elaborated. The consideration of the instinct of self-preservation is to be limited to cases in which there is no direct evidence bearing on the question whether or not the injured party was in the exercise of due care at the time when the injury occurred. *Bell* v. *Clarion*, 113 Iowa, 126 [84 N. W. 962]; *Ames* v. *Waterloo & C. F. R. T. Co.*, 120 Iowa, 640 [95 N. W. 161]." *Phinney* v. *Railway Co.*, 122 Iowa, at pages 492, 493 (98 N. W. 358).

See, also, *Texas & Pacific R. Co.* v. *Gentry*, 163 U. S. 353–366 (16 Sup. Ct. 1104); *Baltimore & Potomac R. Co.* v. *Landrigan*, 191 U. S. 461–473 (24 Sup. Ct. 137). The charge upon which error is assigned was not applicable to the instant case, where there was much direct testimony bearing upon the question.

This was the only disputed question of fact in the case of any importance. The court was in error in charging that such rule of presumption applied, and such charge was prejudicial to defendant. It added the weight of this presumption to the evidence in behalf of plaintiff, so that, if all the evidence of the attending circumstances did not satisfy them that plaintiff's decedent was guilty of negligence, its weight might have been decisive in his favor.

There was no error in the charge of the court relative to the mortality tables which were introduced in evidence. Taking the entire paragraph which treats of the subject, it correctly instructed the jury relative to the consideration to which it was entitled. The whole charge, except the one matter as to presumption above discussed, is not subject to criticism. The law of the case was clearly and correctly stated.

For the error pointed out, the judgment is reversed and a new trial ordered.

STEERE, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred.

MOORE, C. J. (*dissenting*). Taking the charge as an entirety, I do not think the jury was misled, and, for that reason, think the judgment should be affirmed.

BIRD, J., did not sit.