BOSEK *v.* DETROIT UNITED RAILWAY.

1. NEW TRIAL—AFFIDAVITS—NEWLY DISCOVERED EVIDENCE.
   The refusal of a new trial on the ground of newly dis-
   covered evidence that is rebutted by counter affidavits
   and that is found by the court not to be credible, after
   hearing the testimony orally, and seeing the proposed wit-
   nesses, will not be reversed on error.

2. SAME—CROSS-EXAMINATION—TRIAL—WITNESSES.
   Nor should the trial court grant the motion on the ground
   that one of plaintiff's witnesses after being examined
   and cross-examined left the court and could not be pro-
   duced for further cross-examination at the request of de-
   fendant's attorney who failed to ask for a continuance
   or to move that the testimony given by the witness be
   struck out.

3. SAME.
   A new trial was not warranted on the ground that defend-
   ant's counsel learned after the trial that certain material
   witnesses in favor of plaintiff had been previously ar-
   rested, no inquiry having been made of them as to their
   records and no showing of diligence or inquiry as to this
   point being presented.

4. AMENDMENT—TRIAL—PLEADING.
   No formal written amendment of plaintiff's declaration is
   required, on request for a correction at the trial.

5. SAME—SPECIFIC AVERMENTS.
   The amendment of a declaration in a personal injury action
   that averred injury to plaintiff's head, so as to admit
   testimony establishing a fracture of plaintiff's skull, was
   a proper exercise of the court's discretion.

6. NEW TRIAL—WEIGHT OF EVIDENCE.
   In reviewing the denial of a motion for new trial on the
   ground that the verdict was against the weight of the
   evidence, this court recognizes the principles that always
   govern trial courts in determining the question, as aided
   also by the presumptions arising from his superior oppor-
   tunity to determine the credibility of witnesses.

7. Same—Conduct of Counsel—Error not Prejudicial.
   Argument of counsel tending to enhance damages was not
   prejudicial where defendant's attorneys conceded that if
   a legal liability was established the verdict was not ex-
   cessive.

Error to Wayne; Murphy, J. Submitted January 7, 1913. (Docket No. 15.) Decided April 8, 1913.

Case by Anna Bosek against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Joslyn* and *A. B. Hall,* for appellant.

*Dohany & Dohany,* for appellee.

KUHN, J. On Saturday evening, October 29, 1910, the plaintiff, a young woman 23 years of age, left her home on Widman Place in the city of Detroit to attend a dance on Russell street, between Canfield and Willis streets. She left at half past 8, boarded a Baker street car, and transferred to a cross-town car at Chene and Forest. These cars have doors at both ends and also in the center on one side of the car, with two steps leading down to the pavement. The car was proceeding along Forest street, and plaintiff was seated in the middle of the car, intending to get off at Russell and Forest. After the car passed Riopelle street, immediately east of Russell, the plaintiff claims she rang the bell for Russell street, where the car stopped. It is her claim that she started to get out of the center door while the car was standing still, that she took hold of the side of the car with her right hand was on the last step with her right foot and about to step off with her left foot when the car jerked and started up. The plaintiff does not remember what happened after that, but it is unquestioned that she was taken to the Red Cross Hospital, where

she remained unidentified and in an unconscious condition for a period of ten days. It is conceded that plaintiff has suffered serious injuries, and no complaint is made as to the amount of the verdict, the liability being established. It is the claim of the defendant, as stated in the brief—

"That the car never stopped at the corner of Russell and Forest, but was going at a fair rate of speed; that the plaintiff either fell off or jumped off the car at the corner described, while the same was in motion and was thereby injured."

The assignment of error mainly relied upon by the defendant is the refusal of the court to grant a new trial. The grounds for the motion were:

(1) Newly discovered evidence.

(2) Failure to produce A. J. Steber, a witness for plaintiff, for further cross-examination.

(3) Newly discovered evidence with regard to plaintiff's witnesses.

(4) Because no amendment was filed to the declaration covering concussion of the brain, while testimony was admitted upon the subject.

(5) Because the verdict is against the weight of the evidence.

Defendant's counsel, at the close of the trial, learned of a man named Miller, who claimed to be acquainted with three of the plaintiff's witnesses, Frank Kurkowski, Steven Koscielniak, and Edward Kwitkowski. Miller was employed by the defendant at a salary of $3 per day "to go to work and see what he could find." Miller claims to have met the three witnesses in question on the evening of the day he was hired and engaged them in a game of cards, and that in the conversation all three of the witnesses admitted having committed perjury on the trial of this case. When this story was reported to defendant's counsel, he made plans to corroborate it, if possible, and for that purpose secured the services of two private de-

tectives from Chicago, who accompanied Miller and tried to engage the three witnesses in conversation concerning the testimony they had given upon the trial, in order that they might hear what was said, but it did not result in proof being obtained to corroborate Miller's statement.   Walter Kowalski, who had been in business with Miller, made an affidavit which deals with an alleged conversation with John A. Kokowicz, a law student in the employ of plaintiff's counsel, who, it is claimed, attempted to get him to testify falsely in this case for a certain remuneration. Kokowicz was not a witness on the trial, and the affidavit was used, it is assumed, for the purpose of substantiating Miller's claim that witnesses for the plaintiff had been  induced to do something wrong. The record discloses that the affidavits of Miller and Kowalski were laid before the prosecuting attorney of Wayne county before the motion for a new trial was made, and the arrest of the three witnesses implicated was ordered and they were taken into custody.   They were submitted to rigid examinations, and, at the direction of the prosecutor, were discharged from custody.  It also appeared on the motion for a new trial that Miller had a criminal record, and the affidavits of several police officers of the city were offered to show that his reputation for truth and veracity was bad.   The learned trial judge, on the motion for a new trial, made the following statement:

"Let the record show that the motion for a new trial in this case was heard and submitted on affidavits a week ago.   After a careful examination of the affidavits I came to the conclusion that the deponents should be examined in open court, and subpœnas were issued on behalf of the court fixing the hearing as for this morning.   As the result of this hearing, I am satisfied that the stories of both Miller and Kowalski are pure fabrications.   I place no credence whatever in their statements.   If it were not

for the fact of the prosecuting attorney having already gone into this matter at my request, and come to certain conclusions about it, I would order both of these men into custody; but I do not think anything would be gained by doing that. The testimony of Frank Kurkowski is very satisfying to me. The other witnesses, Koscielniak and Edward Kwitkowski, are men of inferior intelligence, and, of course, their testimony is to be viewed and weighed in the light of their mental capacity or incapacity. I do not think it is necessary to pass upon whether Koscielniak and Kwitkowski were telling the truth about the happenings to which they testify. The motion is therefore denied."

The trial judge was in a position to note the appearance and conduct of the various witnesses upon the stand. The affidavits of Miller and Kowalski being rebutted by counter affidavits and being found inherently improbable by the trial judge, were properly rejected by him. 29 Cyc. p. 905.

It is urged that a new trial should be granted because A. J. Steber, a witness for plaintiff, was not produced when called for further examination. During the trial 24 witnesses were sworn and testified; Steber being the fifth witness called. At the close of the testimony the following occurred:

"*Mr. Hall:* I will ask if the gentleman from Montrose is still to be had—Mr. Steber.

"*Mr. Dohany:* He is not in the city; you didn't say you wanted him; if we had known you wanted him, we could have kept him."

No intimation was given at the time of his examination that he would be further required. It is claimed that the information regarding which further cross-examination was desired did not reach counsel until shortly before the request was made, but, in view of the statement of counsel that he could not be produced, a request for a continuance or a motion to strike out his testimony should have been made. This

not having been done, it cannot be urged upon a motion for a new trial.

It appears from the affidavit of counsel for defendant filed in support of the motion for a new trial that subsequent to the trial he learned that several of the witnesses for plaintiff had been arrested, and it is claimed that as no opportunity was had to cross-examine them with reference to these arrests a new trial should be granted. No inquiry was made on cross-examination as to their records, and no issue was made for the introduction of impeaching testimony upon this point. This evidence was within reach of the defendant while witnesses were upon the stand if inquiry had been made regarding it. No diligence has been shown on the part of counsel to obtain this information at the time of the trial, and no showing is made to warrant a new trial on this ground. See *Canfield* v. *City of Jackson,* 112 Mich. 120 (70 N. W. 444) ; *Grand Rapids Electric Co.* v. *Manufacturing Co.,* 142 Mich. 4 (105 N. W. 1) ; *Burke* v. *Electric Co.,* 147 Mich. 172 (110 N. W. 524) ; *Blickley* v. *Luce's Estate,* 148 Mich. 233 (111 N. W. 752) ; *North Michigan Land & Livestock Co.* v. *Kneeland,* 149 Mich. 495 (112 N. W. 1114) ; *Storch* v. *Rose,* 152 Mich. 521 (116 N. W. 402) ; *Spring* v. *Perkins,* 156 Mich. 327 (120 N. W. 807).

During the trial a medical witness of plaintiff was allowed to testify as to the fracture of the skull. Upon objection being made, it was discovered that the declaration averred an injury to the head but did not designate it. Upon motion of counsel, an amendment was allowed to cover this testimony. Complaint is made because no formal written amendment was filed. This it was not necessary to do. *Johnston* v. *Insurance Co.,* 106 Mich. 96 (64 N. W. 5) ; *Farnam* v. *Doyle,* 128 Mich. 696 (87 N. W. 1026). The amendment was one within the discretion of the trial judge, and its allowance was not error. *Edwards* v. *Village of Three*

*Rivers*, 102 Mich. 153 (60 N. W. 454) ; *Groat* v. *Railway*, 153 Mich. 165 (116 N. W. 1081) ; *Gates* v. *Beebe*, 170 Mich. 107 (135 N. W. 934).

Is the verdict in this case so clearly against the weight and preponderance of the testimony as to warrant this court in overruling the decision of the trial judge? This court, in *Hintz* v. *Railroad Co.*, 132 Mich. 305, 308 (93 N. W. 634, 635), in speaking of the power of this court in this regard, stated the rule that should govern, as follows:

"In exercising it, we are bound to recognize the principles which have always governed trial courts in determining whether or not verdicts should be set aside. We are also bound to bring to the support of the decision of the trial judge all reasonable presumptions which arise from his superior opportunity to determine the credibility of witnesses. When, however, in accordance with these principles, it is apparent from the record, notwithstanding every reasonable presumption in support of his decision, that the trial judge erred in refusing to set aside the verdict on the ground that it is against the weight of the testimony, the duty of this court to overrule that decision is manifest. *Whipple* v. *Railroad Co.*, 130 Mich. 460 (90 N. W. 287) ; *Baldwin* v. *Railway Co.*, 128 Mich. 417 (87 N. W. 380) ; *Cole* v. *Railway*, 132 Mich. 122 (92 N. W. 935)."

Bringing to the support of the decision the presumptions referred to, we are of the opinion that the trial court on this record did not err in refusing to set aside the verdict.

Error is assigned because of statements of counsel made to the jury in the closing argument. In view of the statement made by defendant's counsel that if there was legal liability on the part of the defendant the verdict was not excessive, it cannot be claimed that the argument of counsel, if improper, was prejudicial to the defendant's case. Error, to be reversible, must be prejudicial. *Granger* v. *Darling*, 156 Mich. 31 (120 N. W. 32). In disposing of a similar ques-

tion in the case of *Houser* v. *Carmody*, 173 Mich. 121 (139 N. W. 9, 14), this court said:

"The question is whether the language complained of in the argument to the jury was so extreme as to justify a reversal—whether the defendant has been prejudiced thereby. This court has said that it is not disposed to reverse cases because of impassioned arguments, unless it clearly appears that such arguments are unwarranted by the evidence, and probably contributed to the result. In view of the moderate amount of the verdict rendered by the jury and the abundant support in the testimony for such verdict, we are satisfied that the impassioned arguments of plaintiff's attorney did not work prejudice to defendant."

The other errors complained of relate to rulings of the court with reference to the admission of testimony. No prejudicial error was committed in relation thereto.

Judgment is affirmed, with costs.

Steere, C. J., and Moore, McAlvay, Brooke, Stone, Ostrander, and Bird, JJ., concurred.